## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **VERNITA FERGUSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 15-1198-JWL** |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Supplemental Security Income (SSI) benefits under sections 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding error in the Administrative Law Judge's (ALJ) evaluation of Dr. McRoberts's opinion, the court ORDERS that the Commissioner's final decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

### I.      Background

Plaintiff applied for SSI benefits, alleging disability beginning September 1, 2012. (R. 12, 132). Plaintiff exhausted proceedings before the Commissioner, and now seeks

judicial review of the final decision denying benefits. She argues that the ALJ erred in finding her condition does not meet or equal the criteria of Listing 1.02 at step three of his decision, in assessing residual functional capacity (RFC) limitations resulting from her mental impairments, and in making his credibility analysis.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by

2

other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. § 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's RFC.  20 C.F.R. § 416.920(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord,

3

Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.

At step five, the burden shifts to the Commissioner to show that there are jobs in the

economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084,

1088 (10th Cir. 1999).

 Remand is necessary because the ALJ accorded considerable weight to Dr.

McRoberts's opinion but failed adequately to explain his evaluation of Dr. McRoberts's

opinion that Plaintiff would not be able to maintain concentration for extended periods of

time.  Therefore, the court is unable to determine whether the RFC assessed--which did

not include a specific functional limitation on Plaintiff's ability to concentrate--is

supported by the record evidence.  Plaintiff's arguments that her condition meets the

criteria of Listing 1.02 and that the ALJ erred in his credibility determination may be

presented to the Commissioner on remand.

## II. Residual Functional Capacity

 Plaintiff claims error in the RFC assessment "because the mental RFC was not

supported by substantial evidence."  (Pl. Br. 18).  She argues that the ALJ erroneously

failed to assess a limitations based on Dr. McRoberts's opinion that Plaintiff "would be

able to maintain her attention but not her concentration for extended periods of time" (R.

161), despite purporting to accord considerable weight to Dr. McRoberts's opinion.  (Pl.

Br. 19).  She points to Social Security Rulings (SSR) and case law providing that all

medical opinions must be considered and may not be ignored, and that when an ALJ's

RFC conflicts with a medical opinion, the ALJ must explain why he did not adopt the

medical opinion.  Id. (citing SSR 96-5p; SSR 06-3p; Sitsler v. Barnhart, 182 F. App'x

819, 823 (10th Cir. 2006); Schreffler v. Astrue, No. 08-1200-WEB, 2009 WL 2407761at

*3 (D. Kan. Aug. 4, 2009)).  Finally, Plaintiff argues that the ALJ "failed to address

Ferguson's ability to maintain concentration for extended periods" (Pl. Br. 19). and that

Dr. McRoberts's opinion that Plaintiff cannot maintain concentration for extended

periods of time is supported by Nurse Smith's opinion that Plaintiff has an extreme

limitation in the ability to maintain attention and concentration for extended periods.  (Pl.

Br. 20) (citing R. 794).

     The Commissioner argues that the ALJ properly weighed the medical evidence and

opinion evidence and determined that Plaintiff is limited to understanding, remembering,

and carrying out simple instructions.  She points to record evidence which in her view

supports the ALJ's findings, and concludes by arguing, "The ALJ's thoughtful and

reasonable analysis of the medical opinions–and very restrictive mental residual

functional capacity assessment–should not be disturbed on review."  (Comm'r Br. 9).

     Plaintiff's presentation of the legal standard is correct.  "Medical opinions are

statements from physicians and psychologists or other acceptable medical sources that

reflect judgments about the nature and severity of [claimant's] impairment(s) including

[claimant's] symptoms, diagnosis and prognosis."  20 C.F.R. § 416.927(a)(2).  The

regulations include licensed physicians, licensed or certified psychologists, licensed

optometrists, licensed podiatrists, and qualified speech-language pathologists within the

meaning of "acceptable medical sources."  Id., § 416.913(a)(2).  The Commissioner will

use evidence from "other medical sources" not on the list of "acceptable medical sources;" such as nurse-practitioners, physician's assistants, naturopaths, chiropractors, audiologists, and therapists; to show the severity of a claimant's impairments and how they affect her ability to work.  20 C.F.R. § 416.913(d).

Medical opinions must not be ignored, and will be evaluated by the Commissioner in accordance with factors contained in the regulations.  Id., § 416.927(d); SSR 96-5p, West's Soc. Sec. Reporting Serv., Rulings 123-24 (Supp. 2016).  Opinions of "other medical sources" by definition are not "medical opinions" but are weighed in accordance with the regulatory factors as are "medical opinions."  SSR 06-3p, West's Soc. Sec. Reporting Serv., Rulings 330-32 (2016).  "The RFC assessment must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."  SSR 96-8p, West's Soc. Sec. Reporting Serv., Rulings 150 (2016).  The regulations define "medical sources" as "acceptable medical sources or other health care providers who are not acceptable medical sources."  20 C.F.R. § 416.902.  Thus, an opinion from an "other medical source" is a "medical source opinion" or "an opinion from a medical source," even though it is not a "medical opinion."  And, if the RFC assessment conflicts with the opinion, the ALJ must explain why the opinion was not adopted.

As Plaintiff argues, the ALJ accorded considerable weight to Dr. McRoberts's opinion.  (R. 19-20).  And, as Plaintiff noted, Dr. McRoberts opined that Plaintiff can "maintain her attention but not her concentration for extended periods of time."  (R. 161).

6

While Plaintiff does not demonstrate a direct conflict between Dr. McRoberts's opinion just quoted and the ALJ's mental RFC assessment--that Plaintiff is limited to understanding, remembering, and carrying out simple instructions and cannot provide services to the public--the decision suggests that there may be, and if so, the ALJ must explain why he did not adopt Dr. McRoberts's opinion in that regard.  Moreover, the decision recognizes evidentiary ambiguity regarding Plaintiff's ability to concentrate, and it is the ALJ's duty to resolve ambiguities and material inconsistencies in the evidence. SSR 96-8p, West's Soc. Sec. Reporting Serv., Rulings 149 (Supp. 2016) (explaining narrative discussion requirements).  The ALJ did not, and remand is necessary for the Commissioner to resolve the ambiguity.

In applying the Commissioner's psychiatric review technique to evaluate the severity of Plaintiff's mental impairments at step three of the sequential evaluation process, the ALJ acknowledged that Plaintiff "presented with intermittent diminishment []in concentration capacity from January 2012 through October 2012, and once again in May 2013." (R. 16).  In his summary of the record evidence when assessing RFC, the ALJ again noted evidence of "intermittent . . . difficulty concentrating" between January 2012 through October 2012, and "impaired concentration" in May 2013.  (R. 18).  The ALJ considered the report of a psychological examination performed by Dr. Mintz, and gave his opinion only partial weight "because it is internally inconsistent in that [Dr. Mintz] reported the claimant's concentration to be both intact and diminished."  (R. 20). The ALJ gave little weight to the opinions of Plaintiff's treating mental health care nurse,

Ms. Delaine Smith, APRN because Plaintiff "merely presented with . . . impaired concentration which do[es] not reasonably support the extreme limitations assessed by Ms. Smith." (R. 20). As this review of the decision reveals, the ALJ recognized evidence of Plaintiff's intermittent diminished concentration, intermittent difficulty concentrating, impaired concentration, and the opinions of Dr. Mintz and Ms. Smith regarding Plaintiff's ability to concentrate. And he purported to give considerable weight to Dr. McRoberts's opinion. But despite Dr. McRoberts's opinion that Plaintiff can "maintain her attention but not her concentration for extended periods of time" (R. 161), he did not even mention that opinion. Moreover, he did not recognize the evidentiary ambiguity regarding Plaintiff's ability to concentrate. In these circumstances, although the court cannot definitively say that the RFC assessed by the ALJ is in conflict with Dr. McRoberts's opinion, there can be no doubt that there is an evidentiary ambiguity which was not resolved in the decision at issue. Remand is necessary to resolve that ambiguity.

**IT IS THEREFORE ORDERED** that the Commissioner's final decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated this 12th day of September 2016, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**

8